## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL P. LUMBERT,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 20-cv-466-NJR |
| ) | |
| ) | |
| **DAN SPROUL,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Michael P. Lumbert, an inmate of the Federal Bureau of Prisons ("BOP") currently incarcerated at U.S. Penitentiary Marion ("USP – Marion") brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his sentence in *United States v. Lumbert*, Case No. 11-cr-66-bcc. He relies on the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016).

The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

### BACKGROUND

On October 5, 2011, Lumbert pled guilty to one count of possession with intent to distribute a substance containing cocaine base ("crack cocaine") in violation of 21 U.S.C. § 841(a)(1) (Doc. 1, pp. 13-17). *United States v. Lumbert*, Case No. 11-cr-66-bcc, Docs. 12 and 13. On December 8, 2011, he was sentenced to a term of 188 months' imprisonment and six years of supervised release. *Lumbert*, Case No. 11-cr-66, Doc. 21. Lumbert alleges that he qualified as a

career offender due to prior convictions under Wisconsin law which enhanced his statutory maximum from 20 to 30 years (Doc. 1, p. 2).

Lumbert did not file an appeal but instead filed a motion under 28 U.S.C. § 2255 in November 2012 arguing ineffective assistance of counsel (Doc. 1, pp. 26-32). He did not challenge his classification as a career offender. That petition was denied in March 2013 (*Id.*). He subsequently filed a petition pursuant to 28 U.S.C. § 2241 in this Court on February 27, 2017, challenging the enhancement as a career offender under *Mathis v. United States*, 136 S. Ct. 2243 (2016). *See Lumbert v. True*, Case No. 17-cv-210-DRH. That petition was denied because he failed to demonstrate that he could bring his *Mathis* claim under Section 2241. He was sentenced after the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005), and received a sentence within the statutory range. *Lumbert*, Case No. 17-cv-210, Doc. 14.

## DISCUSSION

In his current Petition, Lumbert again argues that he is entitled to relief under *Mathis*. He argues that he is now challenging the mandatory statutory enhancement that he received, which increased his statutory maximum from 20 to 30 years.

Under limited circumstances, a prisoner may challenge his federal conviction or sentence pursuant to 28 U.S.C. § 2241. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Following *Davenport*, a petitioner must satisfy three conditions in order to trigger the savings clause: (1) he

must demonstrate that he relies on a new statutory interpretation case and not a constitutional case; (2) he must demonstrate that he relies on a decision that he could not have invoked in his first § 2255 motion and that case must apply retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Some errors can be raised on direct appeal, but not in a collateral attack pursuant to Sections 2255 or 2241. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. As the Seventh Circuit has noted, "[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for Section 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum." *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014); *see also Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). More recently, the Seventh Circuit reiterated that the Sentencing Guidelines have been advisory ever since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017).

Lumbert was sentenced in 2011 well after the decision in *Booker*. He received a sentence that was within the statutory maximum range of 20 years, prior to any enhancement. Although he argues that his prior convictions under Wisconsin law would not qualify as a felony drug conviction for enhancing his statutory maximum, he cannot demonstrate a miscarriage of justice so as to permit a Section 2241 petition. The increase in his potential statutory maximum from 20 to 30 years did not result in a longer sentence.

**DISPOSITION**

For these reasons, the Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Lumbert wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Lumbert plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Lumbert does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal. It is not necessary for Lumbert to obtain a certificate of appealability from this disposition of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  7/13/2020**

*(signature)*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**