**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHAEL P. LUMBERT,** | ) | |
| **# 07433-090,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Civil No. 20-cv-00466-NJR** |
| | ) | |
| **DAN SPROUL,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This Court dismissed Michael P. Lumbert's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 on preliminary review. (Doc. 4). Citing Federal Rule of Civil Procedure 59(e), Lumbert then filed a Motion to Vacate (Doc. 6).

Lumbert's motion was filed within 28 days of the entry of judgment and will therefore be considered under Rule 59(e). *Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014). Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc*., 90 F.3d 1264, 1270 (7th Cir. 1996).

Lumbert pleaded guilty to one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) in the Western District of Wisconsin. *United States v. Lumbert*, Case No. 3:11-cr-0066 ("Criminal Case"). In December 2011, he was sentenced to 188 months' imprisonment to be followed by a six-year term of supervised release. (Criminal Case,

1

Doc. 22).

The Petition (Doc. 1) alleged that Lumbert was subject to an enhanced sentence of thirty years because of a prior conviction for a felony drug offense pursuant to 21 U.S.C. § 851. Citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), Lumbert argued that none of his prior Wisconsin drug convictions qualifies as a felony drug offense, and he was not properly subject to the enhanced penalty.

This Court dismissed the Petition because Lumbert could not satisfy the third of the *Davenport* conditions for bringing a § 2241 Petition, because he could not show a miscarriage of justice. The Court reasoned that, although his possible maximum term of imprisonment was raised from 20 years to 30 years because of the § 851 enhancement, he suffered no harm because his sentence of 188 months imprisonment was within the unenhanced 20 year maximum.

In his Rule 59 Motion, Lumbert argues that the Court overlooked the fact that he was also sentenced to serve a 6-year term of supervised release. Without the § 851 enhancement, he would have been subject to a mandatory minimum term of supervised release of only 3 years; the enhancement for a prior conviction raised the statutory mandatory minimum term of supervised release to 6 years.

Lumbert's point is well-taken. The Court's order dismissing his Petition failed to consider that the § 851 enhancement also raised the mandatory minimum term of supervised release. Although raising the possible maximum term of imprisonment did not result in a longer sentence because the sentence he received was within the unenhanced maximum, raising the mandatory minimum term of supervised release potentially resulted in a longer term. On the record as it now stands, the Court cannot conclude that it is plainly apparent that Lumbert is not entitled to habeas relief as to his term of supervised release.

For these reasons, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) as to the term of supervised release, but not as to the term of imprisonment, and a response shall be ordered.

Accordingly, Petitioner Michael P. Lumbert's Motion to Vacate (Doc. 6) is **GRANTED**. The Order dismissing the case on preliminary review (Doc. 4) and Judgment (Doc. 5) are **VACATED**. The Clerk of Court shall reopen the case.

Respondent shall answer or otherwise plead on or before **December 1, 2020**. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Lumbert is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 3, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**